UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| WMC MORTGAGE, LLC, as successor to WMC MORTGAGE CORP., <br><br> Plaintiff, <br><br> v. <br><br> MASTR ASSET BACKED SECURITIES TRUST 2006-WMC2, by U.S. BANK NATIONAL ASSOCIATION, acting solely in its capacity as the Trustee pursuant to a Pooling and Servicing Agreement, dated as of June 1, 2006, <br><br> Defendant. | 12 Civ 1371 (JRT/TNL) |

### DEFENDANT'S ANSWER AND DEFENSES

Defendant MASTR Asset Backed Securities Trust 2006-WMC2 (the "Trust"), by U.S. Bank National Association ("U.S. Bank" or the "Trustee"), solely in its capacity as the Trustee of the Trust pursuant to a Pooling and Servicing Agreement, dated as of June 1, 2006, hereby answers the amended complaint (the "Amended Complaint") of plaintiff WMC Mortgage, LLC, as successor to WMC Mortgage Corp. ("WMC") as follows:

### RESPONSES TO ENUMERATED ALLEGATIONS

### PRELIMINARY STATEMENT

In response to the enumerated allegations of the Amended Complaint, the Trustee:

1.      Denies the allegations of Paragraph 1 of the Amended Complaint, except admits that this case purports to be a declaratory judgment action and that WMC agreed to repurchase mortgage loans from the Trust if WMC's representations and warranties concerning those loans were breached and the breaches materially and adversely affected the value of the loans.

2. Denies the allegations of Paragraph 2 of the Amended Complaint, except: (a) admits that the Trustee received a letter from an investment advisor for certain certificate holders in the Trust (the "Certificateholder Letter") giving notice that 71 of the Trust's loans were in breach of WMC's representations and warranties, and (b) states that the language of the Certificateholder Letter speaks for itself.

3. Denies the allegations of Paragraph 3 of the Amended Complaint, except admits that the Trustee timely notified WMC of the breaches identified in the Certificateholder Letter.

4. Denies the allegations of Paragraph 4 of the Amended Complaint.

5. Denies the allegations of Paragraph 5 of the Amended Complaint.

6. Denies the allegations of Paragraph 6 of the Amended Complaint.

## PARTIES

7. Admits the allegations of Paragraph 7 of the Amended Complaint.

8. Denies the allegations of Paragraph 8 of the Amended Complaint, except admits that U.S. Bank is a national banking association with its principal place of business in Minnesota.

## JURISDICTION AND VENUE

9. Avers that the allegations in Paragraph 9 of the Amended Complaint are a legal conclusion to which no response is necessary.

10. Avers that the allegations in Paragraph 10 of the Amended Complaint are a legal conclusion to which no response is necessary.

11. Denies the allegations of Paragraph 11 of the Amended Complaint, except admits that, on September 2, 2011, U.S. Bank, solely in its capacity as the Trustee for MASTR Asset Backed Securities Trust 2006-HE3, commenced an action against WMC and another mortgage loan originator in this District (the "MABS 2006-HE3 Action").

12. Denies the allegations of Paragraph 12 of the Amended Complaint, except admits that on February 16, 2012, this Court issued an order in the MABS 2006-HE3 Action and states that the language of that order speaks for itself.

13. Denies the allegations of Paragraph 13 of the Amended Complaint, except admits that WMC has filed two additional declaratory judgment actions against the Trustee in this District.

14. Denies the allegations of Paragraph 14 of the Amended Complaint.

## FACTUAL ALLEGATIONS

15. Avers that the allegations in Paragraph 15 of the Amended Complaint are a legal conclusion to which no response is necessary.

16. Admits the allegations of Paragraph 16 of the Amended Complaint.

**The Assignment of the Subject Loans to the Trust**

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint and refers to the agreement referenced therein for its true, accurate and complete terms.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint and refers to the agreement referenced therein for its true, accurate and complete terms.

19. Admits the allegations of Paragraph 19 of the Amended Complaint.

20. Admits the allegations of Paragraph 20 of the Amended Complaint.

21. Admits the allegations of Paragraph 21 of the Amended Complaint, except avers that the allegations regarding whether WMC is a party to the PSA are a legal conclusion to which no response is necessary.

22. Admits the allegations of Paragraph 22 of the Amended Complaint.

**WMC's Representations and Warranties to the Trust Concerning the Subject Loans**

23. Denies the allegations of Paragraph 23 of the Amended Complaint and refers to the agreement referenced therein for its true, accurate and complete terms.

24. Denies the allegations of Paragraph 24 of the Amended Complaint and refers to the agreement referenced therein for its true, accurate and complete terms.

25. Denies the allegations of Paragraph 25 of the Amended Complaint and refers to the agreement referenced therein for its true, accurate and complete terms.

26. Denies the allegations of Paragraph 26 of the Amended Complaint and refers to the agreements referenced therein for their true, accurate and complete terms.

27. Denies the allegations of Paragraph 27 of the Amended Complaint and refers to the agreements referenced therein for their true, accurate and complete terms.

28. Denies the allegations of Paragraph 28 of the Amended Complaint and refers to the agreements referenced therein for their true, accurate and complete terms.

**The Trust's Sole Remedies In the Event of Breaches of
WMC's Representations and Warranties Concerning the Subject Loans**

29. Denies the allegations of Paragraph 29 of the Amended Complaint and refers to the agreement referenced therein for its true, accurate and complete terms.

30. Denies the allegations of Paragraph 30 of the Amended Complaint and refers to the agreement referenced therein for its true, accurate and complete terms.

31. Denies the allegations of Paragraph 31 of the Amended Complaint and refers to the agreement referenced therein for its true, accurate and complete terms.

32. Denies the allegations of Paragraph 32 of the Amended Complaint and refers to the agreement referenced therein for its true, accurate and complete terms.

**The Trust's April 25, 2012 Notice to WMC Concerning the Subject Loans**

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Amended Complaint and refers to the Trust's letter (the "Trust Letter") for its true, accurate and complete language.

34. Denies the allegations of Paragraph 34 of the Amended Complaint and refers to the Trust Letter referenced therein for its true, accurate and complete language.

35. Denies the allegations of Paragraph 35 of the Amended Complaint.

36. Denies the allegations of Paragraph 36 of the Amended Complaint and refers to the letter referenced therein for its true, accurate and complete language.

37. Denies the allegations of Paragraph 37 of the Amended Complaint and refers to the letter referenced therein for its true, accurate and complete language.

38. Avers that the allegations in Paragraph 38 of the Amended Complaint are a legal conclusion to which no response is necessary.

## FIRST CAUSE OF ACTION

### Declaratory Judgment

39. Restates and incorporates its answers to Paragraphs 1-38 of the Amended Complaint as if fully set forth herein.

40. Admits the allegations in Paragraph 40 of the Amended Complaint.

41. Denies the allegations of Paragraph 41 of the Amended Complaint.

42. Denies the allegations of Paragraph 42 of the Amended Complaint, except admits that the Trustee sent the Trust Letter to WMC in order to provide WMC timely notice of its breaches of representations and warranties and refers to the Trust Letter for its true, accurate and complete language.

43. Avers that the allegations in Paragraph 43 of the Amended Complaint are a statement of WMC's position in the Amended Complaint to which no response is necessary.

44. Denies the allegations of Paragraph 44 of the Amended Complaint.

## PRAYER FOR RELIEF

45. The Trustee states that WMC is not entitled to any of the relief it seeks in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Amended Complaint fails to state a claim against the Trust upon which relief may be granted.

### Second Defense

WMC's claim is barred because the Amended Complaint is an anticipatory declaratory judgment action.

### Third Defense

WMC's claim is barred by the doctrines of frustration of purpose and unclean hands.

### Fourth Defense

The Trust reserves the right to raise any additional defenses not asserted herein of which it may become aware through discovery or other investigation.

Dated:  August 1, 2012

                                          Respectfully submitted,

                                    MASLON EDELMAN BORMAN
                                      &BRAND, LLP

                                    By:   s/Justin H. Perl
                                        Justin H. Perl (#151397)

                                    3300 Wells Fargo Center
                                    90 South Seventh Street
                                    Minneapolis, MN 55402-4140
                                    (612) 672-8200
                                    (justin.perl@maslon.com)

                                    KASOWITZ, BENSON, TORRES
                                      &FRIEDMAN LLP

                                    Michael M. Fay (mfay@kasowitz.com)
                                    Jenny Kim (jkim@kasowitz.com)
                                    Uri A. Itkin (uitkin@kasowitz.com)
                                    1633 Broadway
                                    New York, NY 10019
                                    (212) 506-1700

                                    *Attorneys for Defendant*