IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| WMC MORTGAGE, LLC, as successor to WMC MORTGAGE CORP., <br>                                  Plaintiff, <br><br> v. <br><br> MASTR Asset Backed Securities Trust 2006-WMC2, by U.S. BANK NATIONAL ASSOCIATION, acting solely in its capacity as the Trustee pursuant to a Pooling and Servicing Agreement, dated as of June 1, 2006, <br><br>                                  Defendant. | Case No. 12-cv-01371-JRT-TNL |

**JOINT REPORT PURSUANT TO FED. R. CIV. P 26(f)**

Pursuant to the Court's August 3, 2012 Pretrial Conference Order, the parties hereby submit a joint report as required by Fed. R. Civ. P. 26(f). The pretrial conference is scheduled for September 11, 2012 at 2:00 p.m. before the Honorable Tony N. Leung, at 316 North Robert St., Room 342, St. Paul, Minnesota 55101.

1. **Date and place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference**

   a. **The date and place at which the meeting was held:**

   Counsel conferred by phone on August 21, 2012.

   b. **Name, address and occupation or business of each party, together with the name, address, telephone number, and e-mail address of the attorneys who represented each party at the meeting:**

   **Plaintiff and Counterclaim Defendant** WMC Mortgage, LLC ("WMC"), located at 6320 Canoga Avenue, Suite 1300, Woodland Hills, CA 91367, is successor to certain obligations of WMC Mortgage Corp., a discontinued residential mortgage company.

>Represented by Andrew M. Luger (Reg. No. 189261) and Jenny Gassman-Pines (Reg. No. 386511) of Greene Espel PLLP, located at 222 S. Ninth Street, Suite 2200, Minneapolis, MN 55402, 612-373-0830, ALuger@greeneespel.com, JGassman-Pines@greeneespel.com; and Barbara S. Steiner and Megan B. Poetzel of Jenner & Block, LLP., located at 353 N. Clark Street, Chicago, IL 60654; 312-222-9350, bsteiner@jenner.com, mpoetzel@jenner.com.
>
>**Defendant and Counterclaim-Plaintiff** MASTR Asset Backed Securities Trust ("MABS") 2006-WMC2, by U.S. Bank National Association ("U.S. Bank"), located at 60 Livingston Avenue, St. Paul, MN 55107-2292, is a residential mortgage-backed securities trust for which U.S. Bank serves as the trustee (the "Trustee").
>
>Represented by Justin H. Perl (Reg. No. 151397) of Maslon Edelman Borman & Brand, LLP, located at 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, 612-672-8200, justin.perl@maslon.com; and Michael M. Fay, Jenny H. Kim, Thomas B. Kelly and Uri A. Itkin of Kasowitz, Benson, Torres & Friedman, LLP, located at 1633 Broadway, New York, NY 10019, 212-506-1700, mfay@kasowitz.com, jkim@kasowitz.com, tkelly@kasowitz.com, uitkin@kasowitz.com.

    c.    **Name of insurance carriers which may be liable for the defense or payment of any damage award:**

>The parties are not currently aware of any insurance carriers which may be liable for payment of any monetary award.

    d.    **Agenda of matters to be discussed at the Pretrial Conference:**

>The only agenda items the parties currently contemplate being discussed at the Pretrial Conference are the items set forth below in Sections 3 through 6.

2.    **Description of the Case**

    a.    **A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description, and in cases involving a limited liability corporation as a party, the concise statement shall also include a brief description of the availability of diversity jurisdiction:**

       The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2), in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.

       WMC is Delaware limited liability company with its principal place of business in Woodland Hills, California.  WMC's sole member is General Electric Capital Corporation, which is organized under the laws of Delaware with its principal place of business in Norwalk, Connecticut.  U.S. Bank, solely in its capacity as Trustee for MABS 2006-WMC2, is a national banking association with its principal place of business in St. Paul, Minnesota.  There is complete diversity among the parties sufficient to confer diversity jurisdiction.

  **b.**    **A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses:**

       This is a declaratory judgment action arising out of a number of agreements that relate to certain mortgage loans WMC's predecessor, WMC Mortgage Corp., sold to third-party UBS Real Estate Securities, Inc. ("UBS").  Those loans were deposited into a trust ("Trust"), for which U.S. Bank serves as Trustee.  In the course of selling the loans to UBS, WMC made certain representations and warranties in the governing purchase agreement ("Purchase Agreement") with regard to the individual loans it originated, and agreed to repurchase a loan it sold if there was a breach of a representation or warranty that materially and adversely affects the value of the loan or the certificates issued by Trust, and, according to WMC, if adequate and timely notice and an opportunity to cure was provided, and if certain other contractual conditions were satisfied.

       WMC contends that the Trustee has requested that WMC repurchase 71 loans from the Trust because they allegedly breached two representations and warranties relating to payment defaults (the "Alleged Payment Default Loans").  WMC believes that the Trustee has misread the controlling agreements, and that WMC is not obligated to repurchase the Alleged Payment Default Loans.  WMC therefore seeks a declaration of the parties' rights and obligations under the governing agreements.

  **c.**    **A summary itemization of the dollar amount of each element of the alleged damages:**

       WMC's declaratory judgment action does not include any claim for money damages.

3. **Pleadings**

   a. **A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings:**

      As of the date of this Report, the Trustee has answered the Complaint. The parties, however, reserve their respective rights to amend their pleadings pursuant to the schedule set forth in Section 3(b) below and/or as determined by the Federal Rules of Civil Procedure.

   b. **The date by which all motions that seek to amend the pleadings or add parties will be filed:**

      Five (5) months after the start of fact discovery.

   c. **Whether a jury trial is available under the law, and whether a jury trial has been timely demanded:**

      Neither party has demanded a jury trial.

4. **Discovery Plan and Nondispositive Motions**

   a. **Date by which discovery shall begin:**

      The parties disagree as to when fact discovery should begin.

      **WMC:**

      When Discovery Should Begin. WMC has filed a motion to dismiss the Counterclaims in the related case, *WMC Mortgage, LLC v. MASTR Asset Backed Securities Trust 2007-WMC1*, Civ. No. 12-1372, based upon the plain language of the Purchase Agreement. This motion is not fully briefed. If WMC's motion to dismiss is granted with respect to the Trustee's breach of contract claim in this related case, WMC will be entitled to an identical declaration of its rights in this action.

      In addition, Judge Tunheim is currently considering WMC's motion for partial summary judgment in another related action arising under the same Purchase Agreement, in *MASTR Asset Backed Securities Trust 2006-HE3 v. WMC Mortgage Corp.*, No. 11-2542. In that case, WMC's pre-discovery summary judgment motion asks the Court to find that WMC cannot be compelled to repurchase liquidated loans. That motion has been fully

4

briefed, was argued on August 14, 2012, and is ripe for decision. WMC contends that the Trustee admitted in its repurchase demand letter that *all* of the 71 loans at issue have already been liquidated. As a consequence, the resolution of the pending summary judgment motion may end this action. WMC will be filing a similar summary judgment motion in this case with respect to the 71 liquidated loans.

In light of the pending resolution of the these threshold issues in both the motion to dismiss and the pre-discovery summary judgment motions, WMC believes that it is premature to begin what could be an expansive, protracted and expensive discovery process before the true scope of this action is known. WMC therefore proposes that discovery should begin only after the later of the ruling on WMC's motion to dismiss in No. 12-1372 or the ruling on WMC's motion for summary judgment in No. 11-2542.

WMC notes that discovery in the first-filed case, No. 11 Civ. 2542, was stayed pending the Court's ruling on WMC's motion to dismiss, and WMC contends that the Court declined to initiate the discovery process once WMC filed its pre-discovery motion for summary judgment shortly thereafter. WMC submits that this Court should do the same here.

<u>Consolidation for Discovery Purposes.</u>  WMC does not believe that it is appropriate to consolidate the cases for discovery purposes. Although certain discovery may be overlapping, there are different loans to different borrowers in each of the cases. The consolidation of discovery would permit one trust to obtain access to and use borrower and loan-level information regarding borrowers and loans not within the trust, giving rise to potential privacy issues. WMC has instead offered to negotiate a cross-use agreement with the Trustee so that appropriate discovery from this case may be used in the five related actions pending before the Court which all arise from the Purchase Agreement. WMC contends that a cross-use agreement will ensure that discovery in all the actions is completed efficiently, while recognizing and honoring the borrower-specific privacy interests that exist with respect to the differing loans in each of the separate trusts. Thus, WMC believes that a cross-use agreement is preferable to the Trustee's proposal of consolidation for discovery purposes of all of these cases.

**U.S. Bank:**

<u>Consolidation for Discovery Purposes.</u>  U.S. Bank requests that all five related actions, 11 Civ. 2542, 12 Civ. 1370, 12 Civ. 1371, 12 Civ. 1372,

5

and 12 Civ. 1831, and a sixth related action, 12 Civ. 2149, filed on August 30, 2012 and which U.S. Bank expects will be transferred to Your Honor and Judge Tunheim, be consolidated for purposes of discovery. All six actions arise under the same Purchase Agreement. Moreover, 12 Civ. 1831 and 12 Civ. 1372 and 11 Civ. 2542 and 12 Civ. 2149 involve the same Trusts, MABS 2007-WMC1 and MABS 2006-HE3, respectively. The Trustee and WMC are parties in all six actions and all six actions will involve the discovery and litigation of similar, if not identical, factual and legal issues, primarily, WMC's alleged breaches of its representations and warranties and the remedies available to the Trust for such breaches. Consolidation of all six related actions for purposes of discovery will avoid unnecessary cost and delay and will best serve judicial efficiency. Moreover, consolidation will not result in the dissemination of confidential or private information to the public or across trusts as WMC contends.

When Discovery Should Begin. U.S. Bank requests that discovery for all six related actions begin immediately. The Trustee began the first of the six related actions, 11 Civ. 2542, on September 2, 2011. As discussed *supra*, 11 Civ. 2542 is closely related to the other five related actions, and by the date of the pretrial scheduling conference, September 11, 2011, 11 Civ. 2542 will have been pending for over a year without any discovery scheduled or conducted to date. Judge Magnuson stayed the pretrial schedule in 11 Civ. 2542 pending the outcome of WMC's motion to dismiss in that action. Judge Magnuson issued his order on WMC's motion to dismiss on February 16, 2012, and the Trustee's claims for specific performance against WMC survived. There is no need to further delay discovery, and indeed, the Trustee would be unduly prejudiced by any additional delay. The progress of these six related actions should not be brought to a halt merely because WMC has made motions of unknown merit in two of the six related actions. If the parties and the Court were to wait until the end of all motion practice in all six of the related actions, discovery in these cases would be stayed for the foreseeable future. Moreover, discovery may encourage the parties to reach settlement in this and the other related actions.

U.S. Bank also contests WMC's description of the issues posed and disputed by the parties on WMC's motion for summary judgment.

b. **The date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed:**

Three (3) weeks after the start of fact discovery.

c. **Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced:**

The parties are amenable to engaging in some form of private alternative dispute resolution if such a process would be fruitful.

d. **Whether discovery should be conducted in phases, or limited to or focused upon, particular issues:**

The parties agree that a phased discovery protocol, with fact discovery proceeding first, and expert discovery proceeding after the close of fact discovery, would be the most efficient way to proceed.

e. **The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B):**

Expert disclosures will be made on the day fact discovery closes.

f. **The number of interrogatories each party shall be permitted to serve:**

25 interrogatories per party if the six related actions are not consolidated for purposes of discovery.   If discovery is consolidated, then the parties propose that a total of 40 interrogatories per party would be appropriate.

g. **The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take:**

10 depositions per party if the six related actions are not consolidated for purposes of discovery.  If discovery is consolidated, then the parties propose that a total of 15 depositions per party would be appropriate

h. **The number of expert depositions each party shall be permitted to take:**

1 deposition per expert.

i. **A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate:**

The parties have agreed to separately meet and confer to develop an ESI protocol covering the topics of, among other things: (1) search terms; (2) custodians; and (3) production format. This meet and confer will occur as soon as practicable following the pretrial conference.

5. **Close of Discovery and Non-Dispositive Motions**

    **The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served:**

    If the cases are not consolidated for discovery purposes, the parties propose 8 months for fact discovery, followed by 4 months for expert discovery for the above-referenced action.

    If the cases are consolidated for discovery purposes, the parties disagree on the length of discovery.

    WMC contends that there should be 14 months for fact discovery, followed by 6 months for expert discovery.

    U.S. Bank contends that there should be 8 months for fact discovery, followed by 4 months for expert discovery.

    The parties agree that all non-dispositive motions shall be filed and served 30 days after the close of expert discovery.

6. **Dispositive Motions and Trial**

    a. **The date by which all dispositive motions shall be served, filed and heard:**

       All dispositive motions shall be served and filed 60 days after the close of expert discovery and heard as soon thereafter as is convenient for the Court.

    b. **The date by which the case shall be ready for trial:**

       90 days after the close of summary judgment briefing or, if no summary judgment is requested, 90 days after the close of expert discovery.

    c. **The number of expert witnesses each party expects to call at trial:**

       WMC anticipates calling up to 6 experts.

The Trustee anticipates calling up to 3 experts.

**d.    Estimated trial time (including jury selection and instructions, if applicable):**

The parties believe that trial in the above-referenced action will require 5 full days.

Dated: September 4, 2012

Respectfully submitted,

| | |
|---|---|
| GREENE ESPEL PLLP | MASLON EDELMAN BORMAN & BRAND, LLP |
| By: /s/ Andrew M. Luger<br>Andrew M. Luger, Reg. No. 189261<br>Jenny Gassman-Pines, Reg. No. 386511<br>222 S. Ninth Street, Suite 2200<br>Minneapolis, MN 55402<br>aluger@greeneespel.com<br>jgassman-pines@greeneespel.com<br>(612) 373-0830 | By: /s/ Justin H. Perl<br>Justin H. Perl, Reg. No. 151397<br>3300 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-4140<br>justin.perl@maslon.com<br>(612) 672-8200 |
| JENNER & BLOCK L.L.P. | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| By: /s/ Barbara S. Steiner<br>Barbara S. Steiner (*pro hac vice*)<br>Megan B. Poetzel (*pro hac vice*)<br>353 N. Clark Street<br>Chicago, IL 60654<br>bsteiner@jenner.com<br>mpoetzel@jenner.com<br>(312) 222-9350 | By: /s/ Michael M. Fay<br>Michael M. Fay (*pro hac vice*)<br>Jenny H. Kim (*pro hac vice*)<br>Thomas B. Kelly (*pro hac vice*)<br>Uri A. Itkin (*pro hac vice*)<br>1633 Broadway<br>New York, NY 10019<br>mfay@kasowitz.com<br>jkim@kasowitz.com<br>tkelly@kasowitz.com<br>uitkin@kasowitz.com<br>(212) 506-1700 |
| *Attorneys for WMC Mortgage, LLC* | *Attorneys for MASTR Asset Backed Securities Trust 2006-WMC2, by U.S. Bank National Association, as Trustee* |

2133834.2